**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KEITH DODDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-297 |
| | § | |
| TERRACON CONSULTANTS, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER CERTIFYING RULING FOR INTERLOCUTORY REVIEW**

Keith Dodds, an at-will employee of Terracon Consultants, brought this wrongful-discharge action under *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), alleging that he was terminated solely for refusing to violate a Department of Transportation ("DOT") regulation prohibiting employees from driving commercial vehicles after working 60 hours in 7 days. Terracon sought summary judgment on two independent bases. It argued that: (1) there were no genuine factual disputes material to resolving the *Sabine Pilot* claim; and, even if there were, (2) *Sabine Pilot* does not apply when an adequate statutory remedy exists.

On May 8, 2015, the court denied Terracon's motion for summary judgment. (Docket Entry No. 24). The court rejected Terracon's first basis for summary judgment because it found a genuine factual dispute material to determining whether Dodds was terminated solely for refusing to violate the DOT regulation. The court rejected Terracon's second basis for summary judgment because dismissal of Dodds's claim appeared inconsistent with the Texas Supreme Court's recent decision in *Safeshred*[ *v. Martinez*, 365 S.W.3d 655 (Tex. 2012),]" which did not prevent a plaintiff who was

fired for refusing to violate a DOT regulation from bringing a *Sabine Pilot* claim.  (Docket Entry No. 24, at 18).

Terracon moved to certify the court's ruling on the second issue for an interlocutory appeal under 28 U.S.C. § 1292(b), so that the Fifth Circuit "may certify to the Texas Supreme Court the question of whether the *Sabine Pilot* doctrine applies when the employee has an alternative statutory remedy under the Surface Transportation Assistance Act." (Docket Entry No. 25, at 1).  Dodds does not oppose the motion.  (*Id.* at 1, 3).  Under 28 U.S.C. § 1292(b), a district court may certify "an order not otherwise appealable" for interlocutory review if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and [ ] an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Based on Terracon's motion, the parties' summary judgment submissions, the court's Memorandum and Opinion denying summary judgment, and the applicable law, the court agrees that certification is proper and grants Terracon's motion.

The court's summary judgment ruling on Terracon's second basis for summary judgment "involves a controlling question of law"—whether *Sabine Pilot* applies when the employee has an alternative statutory remedy under the Surface Transportation Assistance Act.  *See* 28 U.S.C. § 1292(b).  There is a substantial ground for difference of opinion on this issue.  As noted in the Memorandum and Opinion, "[t]he Texas Supreme Court did not address the question Terracon raise[d] here" in *Safeshred*, and "[t]he clear trend among courts is to declare that an employee has no common-law wrongful-discharge claim if statutory remedies are adequate." (Docket Entry No. 24, at 13, 17 (quotations omitted)).  Because the only cause of action is under *Sabine Pilot* and this

issue is potentially dispositive, "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

The court certifies its ruling on Terracon's second basis for summary judgment—whether *Sabine Pilot* applies when the employee has an alternative statutory remedy under the Surface Transportation Assistance Act—for interlocutory consideration under 28 U.S.C. § 1292(b). This action will be stayed pending the Fifth Circuit's resolution of the interlocutory appeal.

SIGNED on May 15, 2015, at Houston, Texas.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Lee H. Rosenthal
　　　　　　　　　　　　　　　　　　　United States District Judge