IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH DODDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-297 |
| | § | |
| TERRACON CONSULTANTS, INC., | § | |
| | § | |
| Defendant. | § | |

**VOIR DIRE STATEMENT**

Keith Dodds was an employee of Terracon Consultants from 2007 to September 16, 2013, when he was fired. Terracon analyzes soil and ground characteristics to help engineers design buildings, pipeline, and other infrastructure. Dodds was a driller based out of Terracon's Conroe office.

Because there was no employment contract between Dodds and Terracon, each had the legal right to terminate the employment relationship at any time for good cause, bad cause, or no cause at all, with an exception. It is illegal for an employer to fire an employee for the sole reason that the employee refused to commit an illegal act that subjects the employee to criminal penalties.

In this lawsuit, Dodds alleges that a United States Department of Transportation regulation barring employees from driving commercial vehicles after working 60 hours in 7 days prevented him from working during the incident in dispute. Dodds's job at the time required him to drive a commercial vehicle. Dodds alleges that Terracon fired him solely because he refused to violate the Department of Transportation regulation. Dodds alleges that in the incident in dispute, his Terracon supervisor instructed him to get a hotel in San Angelo, near the jobsite, so he could resume work

after a certain period. Dodds asserts that the rest period was not long enough to comply with the regulation, and he refused to comply. Instead, he returned home for the weekend, and Terracon fired him. He seeks actual damages for his lost wages and benefits and punitive damages. Terracon denies that it did anything wrong or owes any money.

Terracon asserts that its instructions did not require Dodds to violate the Department of Transportation regulation. Under the regulation, a driver can "reset" his 60-hour limit by spending 34 hours off-duty. Terracon asserts that it instructed Dodds to get a hotel near the jobsite so that he could resume work only after spending 34 hours off-duty. Terracon fired Dodds when he returned home for the weekend instead of following his supervisor's instruction to get the hotel room near the jobsite and resume work after resting. One issue is whether Terracon instructed Dodds to resume working before his permitted hours "reset," as Dodds contends, or whether, if Dodds returned to San Angelo to get the hotel room as instructed, he had enough off-duty time to reset his hours and comply with the Department of Transportation regulation before starting back to work, as Terracon contends.

As the jury in this case, you will be asked to decide, based on the evidence presented, whether Dodds has proven his claim that following Terracon's instructions would have required him to violate the Department of Transportation regulation and face the possibility of a criminal penalty, and that Terracon fired him for the sole reason that he refused to commit an illegal act.

SIGNED on June 1, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge